United States District Court
Southern District of Texas
**ENTERED**
August 08, 2025
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ASG Chemical Holdings, LLC, *Plaintiff,* | § § § | |
| v. | § § | Civil Action H-23-4333 |
| Bisley International, LLC, *Defendant.* | § § § | |

## MEMORANDUM AND RECOMMENDATION

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 45. Pending before the court are Motions for Reconsideration and Certification of Interlocutory Appeal by Third-Party Defendants Claudio Manissero and Jeff Koebrick, ECF No. 122, and Ken Pryde, ECF No. 124. The court recommends that both motions be **DENIED**.

### 1. Background and Procedural Posture

Manissero, Koebrick, and Pryde (Movants) each sought dismissal for lack of personal jurisdiction. ECF Nos. 51 and 86. The undersigned recommended that Movants' motions be denied. ECF Nos. 100 and 101. Movants objected to each Memorandum and Recommendation (M&R). ECF Nos. 103 and 106. Judge Lake denied the objections and adopted the undersigned's M&Rs. ECF Nos. 114 and 117.

Movants now seek reconsideration of the court's orders adopting the undersigned's M&Rs or, alternatively, certification of the orders for interlocutory appeal. ECF Nos. 122 and 124.

A more detailed background is provided in each M&R. ECF Nos. 100 and 101. Bisley alleges that, after the business relationship between ASG and Bisley deteriorated, Movants acted tortiously against Bisley. Bisley claims that, as part of the scheme

to harm Bisley's business and reputation, Movants made false, harmful statements about Bisley's business, decreased Bisley's business by steering clients away from Bisley, falsely increased prices to receive inflated commissions from Bisley, and placed at least one false order from Bisley. ECF No. 36 ¶¶ 159–60. Movants argue that the court's analysis incorrectly focused on Bisley's place of injury instead of Movants' contacts with Texas.

The court recommends denial of Movants' requests for reconsideration and certification for interlocutory appeal. If, after the close of discovery, the allegations in the operative pleading are not borne by the evidence, the parties may file motions to dismiss for lack of personal jurisdiction citing evidence gathered during discovery.[1]

## 2. *Reconsideration Legal Standard and Analysis*

Although the Rules do not provide for the filing of motions for reconsideration by name, Rule 54(b) states that a court's order or other decision:

> that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

*See also Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004) (recognizing that the Rules do not specifically allow motions for reconsideration). Rule 54(b) "permits the district court to reconsider and reverse its decision for any reason it deems sufficient." *Ryan v. Phillips 66*, 838 F. App'x 832, 836 (5th Cir. 2020) (quoting *McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018) (internal quotation marks omitted). Courts have

---

[1] Any such motions shall be filed by the dispositive motions deadline, October 3, 2025. ECF No. 149.

discretion to decide whether to grant a motion for reconsideration of an interlocutory order. *Deeds v. Whirlpool Corp.*, No. CIV. A. H-15-2208, 2017 WL 3437772, at *10 (S.D. Tex. Aug. 10, 2017), *aff'd*, 764 F. App'x 407 (5th Cir. 2019); *see also Vlasek v. Wal-Mart Stores, Inc.*, Civil Action No. H-07-0386, 2008 WL 167082, at *1 (S.D. Tex. Jan. 16, 2008) ("Motions to reconsider interlocutory orders are left to the court's discretion so long as not filed unreasonably late.").

Nevertheless, "[t]he court should only reconsider a prior ruling when 'the moving party has presented substantial reasons for reconsideration.'" *Fed. Ins. Co. v. C.D. Henderson Inc.*, No. A-07-CA-982-SS, 2009 WL 10670098, at *2 (Bankr. W.D. Tex. Feb. 20, 2009) (quoting *Anderson v. Red River Waterway Comm'n*, 16 F. Supp. 2d 682, 683 (W.D. La. 1998), *aff'd*, 231 F.3d 211 (5th Cir. 2000)). Drawing on the considerations underlying Rules 59 and 60, courts analyze factors such as: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *Deeds*, 2017 WL 3437772, at *12; *see also Washington ex rel. J.W. v. Katy Indep. Sch. Dist.*, 403 F. Supp. 3d 610, 617 (S.D. Tex. 2019).

The court recommends denial of Movants' requests for reconsideration. Movants do not argue that there is an intervening change in controlling law or that new evidence has recently become available. Rather, Movants argue that reconsideration is necessary to correct a clear error of law. ECF No. 122 at 6; ECF No. 124 at 9.

As to specific personal jurisdiction, which is the issue before the court, the correct inquiry focuses on the defendant's conduct and whether the defendant reached out to the forum. *Trois v. Apple Tree Auction Ctr., Inc.*, 882 F.3d 485, 491–92 (5th Cir. 2018). "[T]he defendant's commission of a tort while physically present in a state

will readily confer specific jurisdiction." *Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 194 (5th Cir. 2019). In fact, "one intentionally tortious phone call to a forum can support personal jurisdiction." *Rainey v. J&S Truck Sales, L.L.C.*, 614 F. Supp. 3d 293 (M.D. La. 2022); *Trois*, 882 F.3d at 492 n.7 (5th Cir. 2018) ("the defendants here reached out to Texas and allegedly made false statements over the phone to a Texas citizen to induce him to conduct business with them"). Courts have exercised personal jurisdiction over a nonresident defendant where the complaint alleged that defendants communicated fraudulent information related to the sale of property in Texas. *Van Rooyen v. Greystone Home Builders, LLC*, 295 F. Supp. 3d 735, 743 (N.D. Tex. 2018); *see also Rattner v. Contos,* 293 S.W.3d 655, 661 (Tex. App.—San Antonio 2009, no pet.) (finding personal jurisdiction where Defendant "entered into a business relationship to share in the profits and losses associated with finding, developing, and selling Texas real estate").

The court will not repeat itself and engage in a full analysis here, but it will emphasize a few key points. Bisley alleges that Manissero and Koebrick committed a tort while in Texas. ECF No. 36 ¶¶ 145–48. Bisley also alleges that Manissero and Koebrick directed tortious communications into Texas when communicating with the operators of Bisley's Houston warehouse. *See id.* ¶ 145. As to the alleged fraudulent orders of sodium aluminate, Manissero and Koebrick state that "Bisley pleads that the material was stored in Bisley's Houston warehouse." ECF No. 122 at 9. According to Bisley's allegations, Movants' would have ordered such materials from Bisley's Houston warehouse.

Bisley also alleges that Pryde directed tortious conduct into Texas when he facilitated the allegedly fraudulent requests for sodium aluminate, made false representations to Bisley, ECF No. 36 ¶ 160(k), and falsified Bisley's internal records by

underreporting inventory and selling inventory "off the record." *Id.* ¶ 160(f).

The court disagrees with Movants' position. Bisley has made a prima facie showing that Movants purposely directed their allegedly tortious activities toward Texas. The complaint alleges that all defendants, at various times, communicated fraudulent information related to property located in Bisley's Texas warehouse and committed various intentional torts directed at Texas. *See Van Rooyen*, 295 F. Supp. 3d at 743.

Movants' remaining arguments as to reconsideration lack merit. Koebrick and Manissero are included in some allegations only as "other Third-Party Defendants." Koebrick and Manissero argue for the first time in their motion for reconsideration that, "not a single act is ever attributed" to them, and that finding these allegations sufficient for purposes of personal jurisdiction "requires a showing of some agency relationship." ECF No. 122 at 9. Koebrick and Manissero could have, but did not, raise this argument in their motion to dismiss. The court should not now allow them a second bite at the apple in a motion for reconsideration.

To the extent that Movants incorporate and repeat arguments that were already before the district judge in the form of objections, the district judge has already reviewed the undersigned's M&R and denied the objections.

### 3. Interlocutory Appeal Legal Standard and Analysis

The Fifth Circuit normally has jurisdiction to review only final decisions, i.e., decisions that end litigation on the merits. *Silverthorne Seismic, L.L.C. v. Sterling Seismic Services, Ltd.*, 125 F.4th 593, 598 (5th Cir. 2025). "A party unhappy with an interlocutory ruling must wait until . . . final judgment, when it can appeal all claims of error at once." *Id.* However, there is a "narrow exception" to the final-judgment rule. *Id.* A district court

may "certify an order for interlocutory appeal where (1) the 'order involves a controlling question of law,' (2) 'there is substantial ground for difference of opinion' on that question, and (3) an immediate appeal 'may materially advance the ultimate termination of the litigation.'" *Id.* at 598 (quoting 28 U.S.C. § 1292(b)).

The Fifth Circuit has stated that interlocutory appeals are generally disfavored, and that § 1292(b) must be strictly construed. *Id.* An interlocutory appeal "is not a vehicle to question the correctness of a district court's ruling or to obtain a second, more favorable opinion." *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 722 (N.D. Tex. 2006). Certification of an order for interlocutory appeal is at the court's discretion. *United States v. Caremark, Inc.*, 634 F.3d 808, 814 (5th Cir. 2011); *Hidden Cove Park & Marina v. Lexington Ins. Co.*, No. 17-CV-193, 2018 WL 501079, at *1 (E.D. Tex. Jan. 22, 2018).

The resolution of a controlling question of law "must materially affect the outcome of litigation in the district court." *Silverthorne Seismic,* 125 F.4th at 598. Controlling questions can include those of personal jurisdiction. *Id.* But "courts have consistently held that a court's application of facts to the well settled law of personal jurisdiction generally does not constitute a pure question of law for purposes of § 1292(b)." *Air Vent, Inc. v. Powermax Elec. Co., Ltd.*, No. 22-CV-0516, 2023 WL 8285198 (N.D. Tex. Nov. 28, 2023) (citing cases); *Ryan*, 444 F. Supp. 2d at 722. Instead of clearly identifying a question of law, it appears that Movants disagree with the court's application of the law to the facts. The court is not persuaded that Movants have met their burden to show this requirement.

But even if Movants showed that the order involves a controlling question of law, Movants have not shown the second requirement, that there is substantial ground for difference of

opinion on such a question. Courts recognize a substantial ground for difference of opinion where:

> a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue, if the circuits are in dispute on the question and the Court of Appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.

*Ryan,* 444 F. Supp. 2d at 723–24 (quoting 4 Am. Jur. 2d Appellate Review § 128 (2005)).

Movants argue that "there is substantial ground for difference of opinion over whether solely analyzing where the plaintiff is incorporated is sufficient to satisfy the minimum contacts requirement of personal jurisdiction[.]" ECF No. 124 at 17; ECF No. 122 at 15 (arguing same and citing cases). This argument is disingenuous, at best, and wholly ignores the M&R. The court did not "solely" analyze Bisley's place of incorporation in reaching its decision. *See, e.g.,* ECF No. 100 at 10 (describing Koebrick and Manissero's allegedly tortious activity while attending a meeting in Texas and allegedly fraudulent communications directed into Texas). The court analyzed the alleged conduct by Movants and how such conduct was connected to the forum state and the litigation.

Movants have not shown either of the first two statutorily-required elements to certify the order for interlocutory appeal. But even if they had, interlocutory appeals are generally disfavored and they are not meant to obtain a more favorable judgment when a party believes a court's ruling is incorrect. The court recommends that Movants' requests for interlocutory appeal be denied.

### 4. Conclusion

The court recommends that the pending Motions for Reconsideration and Certification of Interlocutory Appeal by

Third-Party Defendants Claudio Manissero and Jeff Koebrick, ECF No. 122, and Ken Pryde, ECF No. 124, be **DENIED**. If, after the close of discovery, the allegations in the operative pleading are not borne by the evidence, the parties may file motions to dismiss for lack of personal jurisdiction citing evidence gathered during discovery.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on August 8, 2025.

Peter Bray
United States Magistrate Judge